UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| BROOKTROUT, INC., | § | |
| | § | |
| vs. | § | CASE NO. 2:03-CV-59 |
| | § | |
| EICON NETWORKS CORP. ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

The court denies the defendant's motion to vacate the permanent injunction (#217) and reinstates the permanent injunction as previously ordered (#201). On January 20, 2006, this court entered a permanent injunction that was narrowly tailored to prevent Eicon's prospective infringement of the patents-in-suit via inducement. *See* Dkt No. 201. The court's decision was counseled by the Federal Circuit's general rule that injunctions should issue against patent infringers, unless exceptional circumstances suggest otherwise. *MercExchange, LLC v. eBay, Inc.*, 401 F.3d 1323, 1339 (Fed. Cir. 2005), *rev'd*, 126 S. Ct. 1837 (2006). On May 15, 2006, the Supreme Court overturned the Federal Circuit's general rule regarding injunctions and held that the traditional four-factor test for permanent injunctive relief applies to patent cases. *eBay, Inc. v. MercExchange, LLC*, 126 S. Ct. 1837, 1839 (2006). The Court of Appeals then remanded this case for reconsideration in light of the Supreme Court's holding in *eBay*. *See* Dkt No. 217. Pursuant to that mandate, the court has reconsidered the record in light of the Supreme Court's holding in *eBay*. The court reinstates the permanent injunction as tailored in its order of January 30, 2006 (Dkt No. 201).

In *eBay*, the Supreme Court held that the traditional four-factor test for permanent injunctive relief applies to patent cases. *Id.* at 1839. The Court recited the test as follows:

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*Id.* (citation omitted). Bearing these factors in mind, the court now turns to the facts of this case to reassess the propriety of permanent injunctive relief.

### A.     Irreparable Injury.

Brooktrout has demonstrated irreparable injury. The parties to this case are competitors in the fax server board market, and this fact weighs heavily in the court's analysis. As this court has previously suggested, intellectual property is quite valuable when it is asserted against a competitor in the plaintiff's market. In *Tivo v. EchoStar Comm. Corp.*, 446 F.Supp.2d 664, 669 (E.D. Tex. 2006), Judge Folsom found irreparable harm because "the availability of the infringing products leads to loss of market share for Plaintiff's products." Similarly, Eicon's acts of inducement in the fax server board market will lead to a loss of Brooktrout's market share. Eicon's arguments to the contrary, focusing on the adequacy of monetary damages as relief, are not persuasive. The court finds that Brooktrout will suffer irreparable injury absent an injunction.

### B.     Inadequacy of Legal Remedies.

Brooktrout has also demonstrated the inadequacy of legal remedies. It is true that the jury awarded a damages verdict, based upon the occurrence of five acts of direct infringement. Those damages, however, are designed to compensate Brooktrout fairly and reasonably for its past injury. Under the jury's verdict, Eicon was found to have induced infringement of Brooktrout's patent, and a threat of continued infringement exists. The nature of Eicon's infringement in this case, *i.e.* via inducement, makes the determination of future damages difficult. Additionally, although future damages in lieu of an injunction may compensate Brooktrout for an *approximate* loss, that does not make future damages adequate in the sense that they are a suitable proxy for injunctive relief. The inability to calculate the plaintiff's future loss with reasonable precision makes legal remedies inadequate in this case. An injunction against future acts of inducement is the proper remedy to prevent future infringement.

### C.     Balancing of Hardships.

The court has considered the balance of hardships. Notwithstanding a permanent injunction, Eicon will remain free to sell its Diva Server. In contrast, absent an injunction, Brooktrout will lose goodwill, potential revenue, and the very right to exclude that is the essence of the intellectual property at issue. Although Eicon will be harmed by an injunction, the precise tailoring of the injunction at hand ameliorates this harm. *See* Dkt. No. 201. The balance of the hardships favors Brooktrout in this case.

### D.     Public Interest.

The question presented by this factor is whether the public interest would be disserved by an injunction. There has been no persuasive showing that the public interest would be disserved by

an injunction. In fact, the public interest would be served by issuing an injunction to protect the patent rights at issue.

After considering the traditional equitable factors, the court concludes that a permanent injunction is proper in this case. The defendant's motion to vacate the permanent injunction (#217) is denied, and the court reinstates the permanent injunction as ordered on January 30, 2006. *See* Dkt No. 201. The court directs the clerk's office to file in the record the defendant's letter brief of July 10, 2006.

SIGNED this 14th day of June, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE